UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE UNITE HERE
NATIONAL RETIREMENT FUND,
            Plaintiffs,

-against-

NEW AGE INTIMATES, INC.,
            Defendant.

07 CV 6530

COMPLAINT

JUDGE CROTTY

     Plaintiffs, by and through their attorneys, as and for their Complaint, respectfully state as follows:

## NATURE OF THE ACTION

    1.    This is an action by the Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Fund") to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter, "MPPAA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

    2.    A copy of the pleadings in this action has been served upon the Pension Benefit Guaranty Corporation by certified mail pursuant to ERISA Section 4301(g), 29 U.S.C. §1451(g).

## JURISDICTION

    3.    This Court has jurisdiction pursuant to Section 502(a), (e), (f) and (g), and 4301(a), (b) and (c) of ERISA, 29 U.S.C. § 1132 (a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

    4.    As the Fund is administered within the Southern District of New York, this action is properly brought in this judicial district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

## THE PARTIES

5. The Fund was established pursuant to an Agreement and Declaration of Trust to provide retirement income in accordance with a written Plan of Benefits (hereinafter, the "Plan") to employees for whom contributions to the Plan are made by participating employers. As such, the Fund's Plan is an "employee pension benefit plan" within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §1002(2) and (3).

6. The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

7. The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §186(c)(5).

8. The Board of Trustees is the plan sponsor with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. §1002(16)(B)(iii).

9. The Fund maintains its offices and the Plan is administered at 730 Broadway, New York, New York 10003.

10. Upon information and belief, Defendant New Age Intimates, Inc. ("New Age") is a New York corporation, having or having had its principal place of business at 21-07 41st Avenue, Long Island City, New York 11101.

11. Defendant New Age was a party, directly or indirectly, to a collective bargaining agreement with UNITE HERE (hereinafter, the "Union") or an affiliate thereof. Pursuant to said collective bargaining agreement, Defendant New Age was obligated to make contributions to the Fund on behalf of its employees. As such, Defendant New Age is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

12. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth at length herein.

13. MPPAA provides that an employer who partially or totally withdraws from a multiemployer pension plan, such as the Plan, on or after September 26, 1980 is required to pay withdrawal liability, as defined by ERISA Section 4201, 29 U.S.C § 1381.

14. ERISA Section 4202, 29 U.S.C. §1382 requires the Plan sponsor to determine the amount of the withdrawn employer's withdrawal liability computed in accordance with ERISA Section 4211, 29 U.S.C. §1391, to notify the withdrawn employer of the amount of its withdrawal liability, and to collect the amount of the withdrawal liability from the employer.

15. Upon information or belief, on or about October 31, 2006, Defendant New Age permanently ceased covered operations under the Plan, thereby completely withdrawing from participation in the Plan as defined by ERISA Section 4203(a), 29 U.S.C § 1383(a).

16. As a result of the complete withdrawal from the Plan, Defendant New Age incurred a withdrawal liability to the Fund in the amount of $152,836.11 pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, and is liable to the Fund for the full amount of the withdrawal liability.

17. After determining the amount of Defendant New Age's withdrawal liability, on or about January 9, 2007 the Fund notified Defendant New Age of the amount of its withdrawal liability and of the schedule for liability payments and demanded payment thereof in accordance with the schedule, as required by ERISA Sections 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1) ("Notice and Demand").

18. Pursuant to Section 4219(c), 29 U.S.C. 1399(c), and, as provided in the Notice and Demand, Defendant New Age was required to make quarterly withdrawal liability payments in the amount of $14,777.67 per quarter for eleven (11) quarters and a twelfth (12th) or final payment of $434.33. The first payment was due on or before February 1, 2007.

19. Defendant New Age has failed to make any withdrawal liability payments whatsoever as required by the schedule set forth in the Notice and Demand.

20. On or about February 7, 2007, the Fund notified Defendant New Age, that it had failed to make its first withdrawal liability payment when due and that, if such failure was not cured within sixty (60) days, defendant would be in default, within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the total amount of the withdrawal liability, plus accrued interest and liquidated damages would become immediately due and payable ("Notice of Overdue Payment").

21. Upon information and belief, more than sixty (60) days have elapsed since Defendant New Age received the Notice of Overdue Payment, and Defendant New Age has failed to make any withdrawal liability payments whatsoever.

22. By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Fund's Notice of Overdue Payment, Defendant New Age is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and the total amount of Defendant New Age's withdrawal liability plus accrued interest and liquidated damages is immediately due and payable.

23. Defendant New Age's time to challenge the Fund's calculation and assessment of withdrawal liability in arbitration pursuant to Section 4221(a) of ERISA, 29 U.S.C. §1401(a) has now expired.

24. Defendant New Age has continued in its failure to make the payment demanded by the Fund in the Notice and Demand and is in default of the quarterly payments due on February 1, 2007 and May 1, 2007. Therefore, the Fund is entitled to the full amount of Defendant's withdrawal liability plus accrued interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA Sections 502(g), 4219, 29 U.S.C. §§1132 and 1399 and the Fund's Plan rules adopted pursuant thereto.

25. No prior application has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 25 with the same force and effect as if set forth at length.

27. Unless Defendant New Age is restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of its assets, Defendant New Age will have no assets with which to meet its obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage and injury for which the Fund will have no adequate remedy of law.

28. The hardship and injury to which the Fund will be subjected in the event that Defendant New Age is not so immediately restrained and enjoined and the status quo maintained during the pendency of this action requires an Order restraining and enjoining Defendant New Age from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of its assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently.

29. No prior application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order and Judgment:

A. Directing Defendant New Age and all of its officers, servants, employees, agents, representatives and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of its assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

B. Directing Defendant New Age to pay to the Fund the sum of $152,836.11; and

C. Directing Defendant New Age to pay to the Fund interest on the sum set forth in paragraph "B" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6), and 1451(b); and

D. Directing Defendant New Age to pay to the Fund liquidated damages to be computed pursuant to Sections 502(g)(2)(C)(i) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b); and

  E. Directing Defendant New Age to pay to the Fund the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b); and

  F. Granting such other and further relief as the Court deems appropriate.

Dated: July 16, 2007
   New York, New York

              */s/ Mark Schwartz*
              Mark Schwartz, Esq. – MS 0148
              Attorney for Plaintiffs
              Trustees of the UNITE HERE
              National Retirement Fund
              730 Broadway, 10th Floor
              New York, NY 10003-9511
              (212) 539-5275